# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

IN-N-OUT BURGER,

    Plaintiff,

v.

IN & OUT TIRE & AUTO, INC.,

    Defendant.

2:07-cv-01556-LRH-LRL

**O R D E R**

    Before the court is plaintiff's Motion to Disqualify Watson Rounds and Michael Rounds (#25). The court has considered the motion, defendant's Opposition (#30), and plaintiff's Reply (#32). The court has also considered the Declaration of Robert Lauson (#26) filed in support of plaintiff's motion. A hearing on the motion was conducted on June 27, 2008. For the following reasons, the motion will be denied.

## BACKGROUND

    Plaintiff In-N-Out Burger ("INO Burger") filed the above-titled trademark infringement action on November 20, 2007, alleging causes of action against defendant In & Out Tire & Auto, Inc. ("INO Tire") for Trademark Infringement, a violation of 15 U.S.C. § 1114 and NRS 600.430, Unfair Competition, a violation of 15 U.S.C. § 1125 and Nevada common law, and Trademark Dilution, a violation of NRS 600.435, based on INO Burger's federally registered marks—United States Patent and Trademark Office ("U.S.P.T.O.") Registration Nos. 2217307, 2285823, 1525982, 1522799, 1101628, 1085163, 1101638, 2291183, 2121178, and 2035491. Compl. (#1).

    On January 17, 2008, INO Tire retained the Nevada law firm of Watson Rounds as counsel in this case. Opp'n (#30) at 14 ¶3. Michael Rounds, a partner at Watson Rounds, has often served as local

counsel for out-of-state law firms and companies in intellectual property disputes. *Id.* at 14 ¶2. Later that day, Michael Rounds advised INO Burger's local counsel, Michael McCue ("McCue"), via e-mail that Watson Rounds had been retained by the California law firm of Lauson & Associates in May 2005 to represent INO Burger as local counsel in a trademark infringement action against a Nevada business then known as In & Out Car Wash, Inc. (the "prior matter"). Decl. (#26) at ¶3. Robert Lauson ("Lauson"), who has represented INO Burger in approximately 150 trademark infringement cases since 1999, was lead counsel in the prior matter. *Id.* at ¶2-3.

In his January 17, 2008 e-mail, Michael Rounds further advised McCue that he did not believe there was a conflict of interest under Nevada law given the narrow and limited nature of Watson Rounds' involvement in the prior matter. Exh. A to Opp'n (#30). Michael Rounds informed McCue that the only time Watson Rounds recorded on the prior matter was for work billed by a former associate, Samantha Greene. *Id.*, Exh. A. The record showed that Ms. Greene spent one (1) hour (generating a $150 fee) to review and (minimally) edit a complaint against In & Out Car Wash, Inc. for compliance with local court rules and Nevada state law. *Id.*, Exh. A, B.

In that complaint, INO Burger sought injunctive relief for Trademark Infringement, a violation of 15 U.S.C. § 1114, Trademark Dilution, a violation of 15 U.S.C. § 1125(c) and NRS 600.435, and Deceptive Trade Practices, a violation of NRS 598.0903 *et seq.*, based on INO Burger's federally registered trademarks—U.S.P.T.O. Registration Nos. 1101638, 1085163, 2217307, 2291183 and 930203, most of which are at issue in present case. *See* Exh. 1 to Decl. (#26). The complaint that Ms. Greene had reviewed and edited was ultimately not filed because the parties settled the case. Decl. (#26) at ¶9. In & Out Car Wash, Inc. agreed to, and did, change its name. *Id.* The settlement agreement also included confidential terms, which INO Burger contends were communicated to Watson Rounds. *Id.* INO Tire disagrees with this assertion, arguing that no confidential information was shared, and that Watson Rounds did not participate in settlement discussions. Opp'n (#30) at 4:9-13.

INO Burger bases many of its assertions of fact on a Declaration (#26) made by Lauson, who states therein that he had six (6) detailed discussions with Michael Rounds in the course of Watson

1  Rounds' representation of INO Burger in the prior matter. Decl. (#26) at ¶4. During these
2  conversations, Michael Rounds ostensibly became privy to confidential information relating to INO
3  Burger and its trademarks. *Id.* At the initial interview and engagement stages, Lauson and Michael
4  Rounds are said to have discussed the factual background, legal claims and issues, potential affirmative
5  defenses and relative strengths and weaknesses of the trademark infringement claims against In & Out
6  Car Wash, Inc. *Id.* at ¶5. Finally, Lauson states that he and Michael Rounds discussed the former's
7  longstanding relationship with INO Burger as the backdrop for disclosing certain additional confidential
8  information about the types of trademark infringement cases INO Burger generally pursued, INO
9  Burger's attitude and philosophy regarding trademark prosecution and enforcement, and INO Burger's
10 general litigation strategy in trademark infringement cases. *Id.* at ¶6.

11 On February 14, 2008, INO Burger requested that Watson Rounds withdraw from the present
12 litigation immediately. Exh. C to Opp'n (#30). Five (5) days later, Michael Rounds advised McCue
13 that, after reviewing the February 14, 2008 letter and Lauson's Declaration (#26) attached thereto, he
14 had no recollection of the conversations Lauson referred to. *Id.*, Exh. A at ¶6. Michael Rounds asked
15 McCue to provide him with Lauson's time records so he could determine whether they corroborated the
16 statements made in the Declaration (#26). *Id.*, Exh. A at ¶6. On February 25, 2008, McCue sent
17 Lauson's time records to Michael Rounds. *Id.*, Exh. D. The records noted that Lauson had conducted
18 "[t]elcons and exchanged emails with possible local counsel and re complaint (.8 [hours])." *Id.*, Exh.
19 D. On February 26, 2008, Watson Rounds denied INO Burger's request to withdraw as counsel for INO
20 Tire. *Id.*, Exh. E. INO Burger filed the present motion (#25) the next day.

21 **DISCUSSION**

22 INO Burger argues that Watson Rounds must be disqualified from representing INO Tire in the
23 instant litigation because it previously represented INO Burger in a substantially similar matter. Mot.
24 (#25) at 6. INO Tire responds that in view of the narrow scope of Watson Rounds' representation in
25 the prior matter disqualification is not warranted. Opp'n (#30) at 5. INO Burger replies that (1) the
26 scope of Watson Rounds' representation of INO Burger in the prior matter is substantially similar to

3

its representation of INO Tire; (2) it is reasonable to infer that confidential information would have been disclosed to local counsel in the prior matter; and (3) such confidential information is relevant to the issues raised in the present litigation. Reply (#32) at 32-36.

Federal courts apply state law in determining whether attorney disqualification is warranted. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue.") (citations omitted). The Supreme Court of Nevada has stated that "[c]ourts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice." *Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205 (Nev. 2000) (citation omitted). Close cases are resolved in favor of disqualification. *Palmer v. Pioneer Inn Assocs.*, 19 F. Supp. 2d 1157, 1162 (D. Nev. 1998) ("Where disqualification is contemplated, 'any doubt is resolved in favor of disqualification.'" (citing *Faison v. Thornton*, 863 F. Supp. 1204, 1216 (D. Nev. 1993))), *overruled on other grounds*, 338 F.3d 981 (9th Cir. 2003).

Nevertheless, "[p]articularly strict judicial scrutiny" should be given to a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir. 1982)) (other citation omitted). Tactical considerations often motivate such motions. *In re Marvel*, 251 B.R. 869, 871 (Bkrtcy. N.D. Cal. 2000) (citation omitted). As such, courts must prevent parties from misusing motions for disqualification as "instruments of harassment or delay." *Brown*, 116 Nev. at 1205. Courts therefore approach the issue of whether to disqualify opposing counsel as "a drastic measure which courts should hesitate to impose except when absolutely necessary." *United States v. Titan Pac. Const. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (quoting *Freeman*, 689 F.2d at 721).

1    Under the Local Rules, attorneys practicing before this court are required to act in accordance
2  with the Model Rules of Professional Conduct as adopted and amended by the Supreme Court of
3  Nevada. LR IA 10-7(a). Under those rules, the general authority regarding conflicts of interest is that
4  "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another
5  person in the same or a substantially related matter in which that person's interests are materially
6  adverse to the interests of the former client unless the former client gives informed consent, confirmed
7  in writing." Supreme Court Rule 1.9(a) (replacing former Supreme Court Rule 159); *see also* Supreme
8  Court Rule 1.10(b) (when a lawyer has terminated an association with a firm, the firm is prohibited
9  thereafter from representing a person with interests materially adverse to those of a client represented
10 by the formerly associated lawyer and not currently represented by the firm, when the matter "is the
11 same or substantially related to that in which the formerly associated lawyer represented the client and
12 any lawyer remaining in the firm has confidential information that is material to the matter").

13   The language of Rule 1.9(a) is nearly identical to the language of the former applicable rule,
14 Rule 159. The only difference is that the language of the former rule was "unless the former client
15 consents, preferably in writing, after consultation," while the language of the current rule is "unless the
16 former client gives informed consent, confirmed in writing." Such a difference is not material given
17 the facts of this case. Thus, disqualification under Rule 1.9(a) is governed by the three (3)-part inquiry
18 set forth in *Waid v. Eighth Judicial District Court*, 119 P.3d 1219 (Nev. 2005), which considered the
19 disqualification issue under the previous version of the rule. Under *Waid*, to determine when a former
20 and present matter are substantially related, the court must (1) make a factual determination concerning
21 the scope of the former representation, (2) evaluate whether it is reasonable to infer that the confidential
22 information allegedly given would have been given to a lawyer representing a client in those matters,
23 and (3) determine whether that information is relevant to the issues raised in the present litigation. *Id.*
24 at 1223 (adopting Seventh Circuit's test).

25   The record in this case reflects that Watson Round's work in the prior matter was quite limited
26 in nature and scope. The firm's records show that it charged INO Burger $150 for only one (1) hour

1 of work, which consisted of a simple review and edit of the form of the complaint to comply with local
2 rules and Nevada law.  *See* Exhibit E to the Opposition (#30), which shows that the caption to the
3 complaint was edited, minor formatting was done, and citations to Nevada state statues were added.
4 Further, neither Watson Rounds' nor Lauson's time records reflect that substantive conversations took
5 place between lead and local counsel in the prior matter.  INO Burger provides no documentation
6 directly supporting Mr. Lauson's claim that he had six (6) substantive discussions with Michael Rounds
7 about various aspects of the prior matter, a contention that might normally be reflected in detailed time
8 records.

9 On the other hand, "[i]n proving that a prior representation is substantially related to the matter
10 at bar, the moving party need not divulge the actual confidences revealed to opposing counsel in the
11 earlier matter."  *Robbins v. Gillock*, 109 Nev. 1015, 1018 (Nev. 1993) (citations omitted).  The prior
12 matter and the case at hand are based on similar allegations concerning virtually identical trademarks.
13 Both involve allegations of trademark infringement, dilution, and unfair or deceptive trade practices,
14 and U.S.P.T.O. Registration Nos. 1101638, 1085163, 2217307, and 2291183 are at issue is each case.
15 It is reasonable to assume that Michael Rounds and Mr. Lauson talked generally about the legal and
16 factual bases of the prior case.  The court finds it implausible, however, that Mr. Lauson would have
17 disclosed to Michael Rounds confidential information regarding INO Burger's philosophy, approach,
18 attitude, goals, and litigation and/or settlement strategies for the handling of its trademark matters.

19 The court may "undertake a realistic appraisal of whether confidences might have been disclosed
20 in the prior matter that will be harmful to the client in the later matter."  *Robbins*, 109 Nev. at 1018
21 (citations omitted).  There is no evidence that in the prior matter Watson Rounds' representation of INO
22 Burger involved anything more than making a few cosmetic changes to the complaint, none of which
23 required knowledge of litigation strategy or possession of other confidential information.  Lauson's
24 Declaration (#26), which forms the factual basis for plaintiff's motion, is uncorroborated by detailed
25 time entries, correspondence, or any other material to directly substantiate INO Burger's disqualification
26 claims.  INO Burger has therefore failed to meet its burden of demonstrating that the two cases at issue

are substantially related, or that Watson Rounds' involvement in the present case gives rise to a conflict of interest. *See Robbins*, 109 Nev. at 1017 ("The burden of proving whether two matters are the same or substantially related falls on the party moving for disqualification and that party must have evidence to buttress the claim that a conflict exists.") (citations omitted).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Disqualify Watson Rounds and Michael Rounds (#25) is DENIED.

DATED this 24th day of July, 2008.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**