UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN-N-OUT BURGERS, | |
| Plaintiff, | 2:07-CV-01556-LRH-LRL |
| v. | |
| IN & OUT TIRE & AUTO, INC., | ORDER |
| Defendants. | |

Presently before the court is Defendant In & Out Tire & Auto, Inc.'s ("INO Tire") Motion for Judgment on the Pleadings (#20[1]). Plaintiff In-N-Out Burgers ("INO Burger") filed an opposition (#24) to which Defendant replied (#27). Also before the court is Plaintiff's Motion for Leave to File a Surreply or, in the Alternative, Motion to Strike (#29). Defendant filed an opposition to this motion (#31).

This controversy arises out of Defendant's alleged infringement of Plaintiff's trademark, "IN-N-OUT." Defendant's motion for judgment on the pleadings argues that Plaintiff's claims are barred by the equitable doctrine of laches and the applicable statute of limitations, and therefore this court should dismiss the complaint. Because ruling on the statute of limitations and laches would be inappropriate at this juncture, Defendant's motion for judgment on the pleadings is

---

[1] Refers to the court's docket

1  denied.

2  **I.    Facts and Procedural History**

3  The following narrative accepts all the material allegations of Plaintiff's complaint as true.

4  Plaintiff IN-N-OUT BURGERS is a California corporation with over 200 restaurants in the
5  United States. Plaintiff's business consists of providing specially prepared sandwiches and other
6  goods and services to consumers. Since at least the early 1960s, Plaintiff has used the mark "IN-N-
7  OUT" in interstate commerce in connection with advertising and its restaurants. Plaintiff has
8  obtained federal trade mark and service mark registrations for the "IN-N-OUT" mark for a wide
9  range of food and other products.

10  Defendant is a Nevada corporation formed on October 24, 2000, and operates an
11  automobile service shop in Las Vegas, Nevada. This service shop is a short drive from several of
12  Plaintiff's restaurants. Defendant has used and continues to use the mark "IN & OUT" in
13  providing its services to consumers. Defendant has advertised the mark "IN & OUT" in Nevada by
14  using the words "IN & OUT TIRE AND AUTO" in bright yellow lettering on a brick-red
15  background. Defendant has also advertised using a sign with the words "IN & OUT" in brick-red
16  block letters alongside brick-red arrows.

17  **II.    Legal Standard**

18  Rule 12(c) of the Federal Rules of Civil Procedure provides, "[a]fter the pleadings are
19  closed but within such time as not to delay the trial, any party may move for judgment on the
20  pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues
21  of material fact, and the moving party is entitled to judgment as a matter of law." *General*
22  *Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church*, 887
23  F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)). "The Motion for a judgment on the
24  pleadings only has utility when all material allegations of fact are admitted or not controverted in
25  the pleadings and only questions of law remain to be decided by the district court." 5C Charles

26

1   Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d. Ed. 2004).

2   "In ruling on a motion for judgment on the pleadings, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D. Cal. 1995). Judgment on the pleadings is improper if the district court must go beyond the pleadings to resolve an issue. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Under such circumstances, summary judgment is the proper procedure. *Id.*

**III.    Discussion**

    **A. Laches and Statute of Limitations**

"Laches is an equitable time limitation on a party's right to bring suit, which is derived from the maxim that those who sleep on their rights, lose them." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) (internal quotation marks omitted). To succeed on a laches defense, a defendant must prove (1) an unreasonable delay by the plaintiff in bringing suit and (2) prejudice to the defendant. *Id.* "If a plaintiff files suit within the applicable period of limitations for his claim, there is a strong presumption that laches does not bar the claims. Conversely, if any part of the alleged wrongful conduct occurred outside of the limitations period, courts presume that the plaintiff's claims are barred by laches." *Id.* (internal citation omitted).

In the present case, the only claims Defendant references in its motion are the "Lanham Act violations" (Def.'s Mot. for J. on the Pleadings (#20) at 6), which Defendant argues have a three-year statute of limitations. While the court agrees that Plaintiff's Lanham Act claims have a three-year statute of limitations, *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006), Defendant makes no effort to demonstrate that Plaintiff's other claims are barred by laches or the applicable statute of limitations. These claims include Count Three (Nevada trademark infringement), Count Four (unfair competition under Nevada common law), and Count Five (Nevada trademark dilution). Thus, because Defendant provides no authority for the basis of

3

1  its motion as to Counts Three through Five, the court will deny the present motion with respect to
2  these counts for failure to provide points and authorities.  Local Rule 7-2(a).
3       The court now turns to Defendant's assertion that the applicable statute of limitations or
4  laches requires this court to dismiss Plaintiff's Lanham Act claims.  In *Jarrow Formulas, Inc. v.*
5  *Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002), the Ninth Circuit applied laches to a plaintiff's
6  claim under the Lanham Act.  With respect to laches's first requirement that a plaintiff
7  unreasonably delayed in bringing suit, the court found that "in determining the presumption for
8  laches, the limitations period runs from the time the plaintiff knew or should have known about his
9  [Lanham Act] cause of action."  *Jarrow*, 304 F.3d at 838.  Thus, the threshold issue before this
10 court is when Plaintiff knew or should have known about its claims under the Lanham Act.
11      Based solely on the review of the pleadings, the court concludes that it cannot find when
12 plaintiff knew or should have known about Defendant's alleged Lanham Act violations.  In its
13 complaint, Plaintiff alleges that "Defendant . . . is a Nevada corporation formed on October 24,
14 2000," (Compl. (#1) ¶ 7) and further alleges that Defendant "has used, and continues to use, the
15 mark 'IN & OUT' . . . in providing tire, automobile and truck repair and servicing services to
16 consumers in Clark County Nevada."  (*Id.* ¶ 28.)  Plaintiff's complaint also states that "[Plaintiff]
17 has over ten (10) IN-N-OUT BURGERS restaurants throughout Nevada, seven (7) of which are
18 located in Las Vegas, Nevada.  Several of these restaurants are located within a short drive from
19 Defendant's business location."  (*Id.* ¶ 29.)  On the basis of these allegations, Defendant argues that
20 the Lanham Act statute of limitations began to run on October 24, 2000.  The court disagrees.
21      To show trademark infringement under the Lanham Act, a trademark registrant must
22 demonstrate that a person has used its trademark in a way that is likely to cause confusion, cause
23 mistake, or deceive.  *See* 15 U.S.C. § 1114.  The Lanham Act's proscription on unfair competition
24 creates a similar cause of action but broadens its scope to remedy against the deceptive use of
25 unregistered trademarks to falsely designate the origin of goods.  *See Int'l Order of Job's*
26

4

1  *Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980).

2  Plaintiff's allegation that Defendant was formed on October 24, 2000, and, at some period
3  thereafter, provided automotive services is insufficient to show as a matter of law that Defendant
4  began committing unfair competition or infringing the "IN & OUT" trademark on any particular
5  date.  As an initial matter, Plaintiff's allegation that Defendant was formed on October 24, 2000,
6  makes no reference to what, if any, use Defendant was making of Plaintiff's mark on that date.
7  Furthermore, Plaintiff's allegation that Defendant has used Plaintiff's mark in providing
8  automotive services makes no reference to when this particular use began.  Without any indication
9  of when the use began, let alone when Plaintiff knew or should have known of the use, the court
10 cannot find at this stage whether Plaintiff's Lanham Act claims are barred by the statute of
11 limitations or laches.  Therefore, given the incomplete record the court is presented with, the court
12 will deny Defendant's motion for judgment on the pleadings.

13 **B.  Motion to File a Surreply or, in the Alternative, Motion to Strike**

14 Plaintiff has moved this court to grant leave to file a surreply in response to several
15 arguments in Defendant's reply that Plaintiff deems "new."  The court agrees with Defendant that
16 the arguments Plaintiff contends are new are, in fact, only variations of the arguments submitted in
17 Defendant's motion for judgment on the pleadings.  The court will therefore deny Plaintiff's
18 motion to file a surreply.

19 In addition, Plaintiff moves to strike four documents Defendant submits in support of its
20 reply: (1) a printout from the Nevada Secretary of State's website indicating that information
21 regarding Defendant was filed on October, 24, 2000; (2) the results from a "fictitious name search"
22 from the Clark County Clerk's website, revealing three results for "IN & OUT TIRE & AUTO
23 REPAIR INC."; (3) a "Certificate of Business Fictitious Firm Name" indicating that "IN & OUT
24 TIRE & AUTO, INC." was conducting business in Clark County on November 22, 2000; and (4)
25 excerpts from the January 2001 Sprint Yellow Pages for the Las Vegas area, including an

26

5

advertisement for Defendant and two entries for Defendant under "Brake" and "Tire."

The court will not consider this evidence, as it is evidence presented for the first time in a reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Moreover, taking judicial notice of this evidence would be especially inappropriate here, because Defendant has had no opportunity to conduct discovery in order to show when it knew or should have known of Defendant's alleged Lanham Act violations. The court recognizes that Plaintiff has moved to strike this evidence; however, the Federal Rules of Civil Procedure do not authorize motions to strike matters beyond those contained in the pleadings. *See* Fed. R. Civ. P. 12(f). Nonetheless, this issue is largely moot because the court has not considered the challenged evidence in ruling on the motion for judgment on the pleadings.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (#20) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Plaintiff's Motion for Leave to File a Surreply or, in the Alternative, Motion to Strike (#29) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of August, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE