UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN-N-OUT BURGERS, ) | |
| ) | |
| Plaintiff, ) | 2:07-CV-01556-LRH-LRL |
| ) | |
| v. ) | |
| ) | ORDER |
| IN & OUT TIRE & AUTO, INC., ) | |
| ) | |
| Defendant. ) | |

Before the court is Plaintiff In-N-Out Burgers' Motion to Set Aside the Magistrate Judge's July 24, 2008, Order Regarding Plaintiff's Motion to Disqualify Counsel (#38[1]). The court has reviewed the magistrate's order pursuant to 28 U.S.C. § 636(b)(1)(A) and finds that the order is neither clearly erroneous nor contrary to law.

The magistrate's July 24, 2008, order was issued in response to Plaintiff's motion to disqualify Michael Rounds and his law firm Watson Rounds from representing Defendant In & Out Tire & Auto, Inc. in this case. Because the court fully agrees with the magistrate's order, the court need not elaborate at length upon its affirmance. The court will, however, respond to Plaintiff's primary argument in support of its present motion.

Plaintiff contends that the magistrate erred by evaluating whether confidential information was actually passed from Robert Lauson, lead counsel for In-N-Out Burger in a prior matter, to

---

[1] Refers to the court's docket

Michael Rounds. Plaintiff's argument is based upon the Nevada Supreme Court's standard for determining whether counsel must be disqualified from representing a client that has interests materially adverse to the interests of a former client. The Nevada Supreme Court explained that a trial court must follow three steps in its inquiry:

> (1) make a factual determination concerning the scope of the former representation, (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters, and (3) determine whether that information is relevant to the issues raised in the present litigation.

*Waid v. Eighth Judicial Dist. Court*, 119 P.3d 1219, 1223 (Nev. 2005). The court also explained that this inquiry does not require the moving party to divulge any confidential information:

> [I]n proving that a prior representation is substantially related to present litigation, however, the moving party is not required to divulge the confidences actually communicated, nor should a court inquire into whether an attorney actually acquired confidential information in the prior representation which is related to the current representation. The court should instead undertake a realistic appraisal of whether confidences might have been disclosed in the prior matter that will be harmful to the client in the later matter.

*Id.* at 1222-23.

Based upon this authority, Plaintiff argues the magistrate erred by undertaking an analysis into whether confidential information was actually imparted to Michael Rounds in the prior matter. On the one hand, Plaintiff is correct that the magistrate discredited Robert Lauson's declaration that he and Michael Rounds discussed certain confidential information regarding In-N-Out Burgers. However, Plaintiff is incorrect that the magistrate's rejection of Lauson's declaration resulted in a "subjective" evaluation of whether confidential information was passed to Michael Rounds. The magistrate denied Plaintiff's motion on the basis that it was not reasonable to infer that the alleged confidential information was imparted to Michael Rounds given Watson Rounds' limited role in the prior matter. Thus, contrary to Plaintiff's assertion, the magistrate's inquiry was an objective one.

Finally, the court will address Plaintiff's Request for Judicial Notice (#39). This request is

2

1  unnecessary because the materials identified therein are subject to judicial notice without a formal
2  request. The request will therefore be denied as moot.

3      IT IS THEREFORE ORDERED that Plaintiff In-N-Out Burgers' Motion to Set Aside the
4  Magistrate Judge's July 24, 2008, Order Regarding Plaintiff's Motion to Disqualify Counsel (#38)
5  is DENIED.

6      IT IS FURTHER ORDERED that Plaintiff In-N-Out-Burgers' Request for Judicial Notice
7  (#39) is DENIED as moot.

8      IT IS SO ORDERED.

9      DATED this 18th day of February, 2009.

10

11      _____
12      LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

3